WILSON TURNER KOSMO LLP
MICHAEL S. KALT (173228)
JORDAN R. TURNER (318759)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: mkalt@wilsonturnerkosmo.com
E-mail: jturner@wilsonturnerkosmo.com

Attorneys for Defendants
UNITEDHEALTH GROUP, INC., and
OPTUM SERVICES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| SHARNETT BUSH,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITEDHEALTH GROUP INCORPORATED, a Delaware corporation; OPTUM SERVICES, INC., a Delaware corporation; and DOES 1-50,<br><br>  Defendants. | Case No.  21-cv-1614<br><br>**DEFENDANTS UNITEDHEALTH GROUP, INC., AND OPTUM SERVICES, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441(a)**<br><br>**(DIVERSITY JURISDICTION)**<br><br>Complaint Filed:  August 27, 2021 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 and 1441(a), Defendants UNITEDHEALTH GROUP, INC., and OPTUM SERVICES, INC. ("Defendants"), hereby remove this action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, and set forth in support of their Notice of Removal of Action the following:

///

## I. THE REMOVED CASE

1. On August 27, 2021, an action was commenced in the Superior Court for the State of California, County of Orange, entitled *Sharnett Bush v. United HealthCare Group Incorporated, Optum Services Inc.*, Case No. 30-2021-01218365-CU-WT-CJC. A true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Michael S. Kalt ("Kalt Declaration").

2. The Complaint alleges the following causes of action against Defendants: (1) Race Discrimination; (2) Disability Discrimination; (3) Failure to Engage in the Interactive Process; (4) Failure to Provide Reasonable Accommodation; (5) Failure to Take All Reasonable Steps to Prevent Discrimination; (6) California Family Rights Act ("CFRA") Violations; (7) Retaliation; and (8) Wrongful Termination in Violation of Public Policy.

3. On September 3, 2021, Plaintiff served Defendants UnitedHealth Group, Inc. and Optum Services, Inc. through its registered agents for service of process, with the respective Summons and Complaint. True and correct copies of the service of process transmittal is attached as **Exhibit B** to the Kalt Declaration. (It appears Plaintiff also attempted service on Optum Services, Inc. through its registered agent for process on August 31 2021, and a true and correct copy of that attempted service is attached as **Exhibit C** to the Kalt Declaration. As discussed in paragraph 4, regardless of whether the August 31, 2021 or the September 3, 2021 service date is used for Optum Services, this Notice of Removal is timely filed).

4. This Notice of Removal is being filed within thirty (30) days after service of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based. Therefore, this Notice is timely filed under 28 U.S.C. § 1446(b).

5. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b), because it is a civil action between citizens of

///

different states and the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

## II.  COMPLETE DIVERSITY EXISTS

6. Upon information and belief,[1] at the time of the filing of this Complaint and this Notice of Removal, Plaintiff was and still is a citizen of California. The Complaint specifically alleges that "Plaintiff, Sharnett Bush is a former employee of Defendants and is a resident of the State of California." (Complaint ¶ 2, Exhibit A to the Kalt Decl.) Plaintiff's residence is prima facie evidence that he is domiciled in California for purposes of diversity. *Barrera v. W. United Ins. Co.*, 567 F. App'x 491, 492 n.1 (9th Cir. 2014) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary." (quoting *Anderson v. Watt*, 138 U.S. 694, 706 (1891))); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *State Farm v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994); 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3612 & n.28 (3d ed. 2013) ("It is assumed . . . that a person's current residence is also his domicile . . . ."). Accordingly, Plaintiff is a citizen of California for the purpose of diversity jurisdiction.

7. For diversity purposes, a corporation is a citizen of: (1) the state under whose laws it is organized; and (2) the state of its "principal place of business." 28 U.S.C. § 1331(c)(1); *Davis v. HSBC Bank Nevada, NA.*, 557 F.3d 1026, 1028 (9th Cir. 2009).

8. The U.S. Supreme Court held that a corporation's "principal place of business" under the federal diversity jurisdiction statute, 28 U.S.C. § 1332 (c)(l), refers to a corporation's "nerve center" or "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 599 U.S. 77, 78 (2010). The Supreme Court noted that "in practice[,]" the

---

[1] A party may allege citizenship on information and belief. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014).

Case No.  **Error! Reference source not found.**
-3-
DEFENDANTS' NOTICE OF REMOVAL OF ACTION

nerve center will "normally be the place where the corporation maintains its headquarters." *Id.* at 93.

9. Plaintiff's Complaint alleges she was employed by Optum Services, Inc. and UnitedHealth Group. (Complaint ¶¶ 5-6, Exhibit A to the Kalt Decl.)

10. At the time this action was commenced, Defendants were, and still are, corporations organized and existing under the laws of the State of Delaware. Complaint ¶¶ 5 [identifying both defendants as Delaware corporations], Exhibit A to the Kalt Decl.) Optum Services, Inc. is organized under the laws of the state of Delaware with its principal place of business in Eden Prairie, Minnesota. (Secretary of State Printout, **Exhibit D** to the Kalt Declaration.) Optum Services, Inc. is headquartered at 11000 Optum Circle, Eden Prairie, MN 55344 and the majority of its executives, including its Chief Executive Officer, reside and primarily work in Minnesota. (Secretary of State Printout, **Exhibit D** to the Kalt Declaration.) UnitedHealth Group Incorporated is organized under the laws of the state of Delaware with its principal place of business in Minnetonka, Minnesota. (Secretary of State Printout, **Exhibit E** to the Kalt Declaration.) Neither Defendant is, nor has ever been, a citizen of the State of California.

11. The claims in Plaintiff's Complaint are based on alleged actions and/or inactions related to his employment with Optum Services, Inc., an entity that is a subsidiary of Defendant UnitedHealth Group Incorporated. (Complaint ¶¶ 2-11, **Exhibit A** to the Kalt Decl.)

12. As Optum Services, Inc. was Plaintiff's employer, naming any other corporate entity as the employer would be fraudulent joinder and can be disregarded for purposes of diversity. *Salem Trust Co. v. Manufacturers' Finance Co.*, 264 U.S. 182, 189 (1924) (no joining unnecessary parties); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). A "defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339 (citation omitted). Specifically, the issue of fraudulent joinder "may

be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citation omitted). Therefore, naming any corporate entity other than Optum Services, Inc. as a party to this Action should be disregarded for purposes of diversity. (*See* ¶ 9, above.)

13. The Complaint also names defendant Does 1 through 50. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of the "Doe" defendants is disregarded for removal purposes. Thus, complete diversity exists between the parties.

### III.  THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

14. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Plaintiff's Complaint seeks general and compensatory damages, unpaid wages and penalties, punitive damages, prejudgment and post-judgment interest, and costs and attorneys' fees. (Complaint, Prayer for Relief at p. 22.) Plaintiff also alleges that she is entitled to "all actual, consequential and incidental financial losses, including but not limited to loss of earnings and employment benefits," as well as "other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress in the amount of at least $500,000.00."[2] (Complaint ¶¶ 43, 52, 61, 69, 75, 91, 97; Prayer for Relief at p. 22.)

15. With respect to past lost wages, Plaintiff alleges she was terminated on February 22, 2021. (Complaint ¶ 28.) At the time of her termination, Plaintiff earned an annual salary of approximately $54,000.00 (Complaint at ¶ 7, Exh. A to Kalt Decl.) which is $1,038.46 per week. By extrapolating his weekly pay rate from February 22, 2021 through the date of this Removal (about 31 weeks), Plaintiff may be seeking approximately $32,192.26 in past lost wages alone (not including alleged lost benefits or future lost wages). *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (stating district courts rely on the general rule that lost wages in a wrongful

---

[2] As noted, Plaintiff's explicit claim for entitled of $500,00.00 in emotional distress damages is sufficient on its own to satisfy the jurisdictional amount of $75,000 Error! Reference source not found.

1 | termination case may reasonably be calculated from the date of termination to the date
2 | of removal).

3 |   16.   Plaintiff also seeks emotional distress damages stemming from alleged discrimination and termination. (Complaint ¶¶ 43, 52, 61, 69, 75, 91, 97.) Plaintiff alleges that she suffered "shame, humiliation, mental anguish and emotional distress in the amount of at least $500,000.00." (Complaint ¶¶ 43, 52, 61, 69, 75, 91, 97.) A court may consider that emotional distress damages "are potentially substantial" despite "[t]he vagueness of plaintiffs' pleadings." *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995); *see also, Simmons*, 209 F.Supp.2d at 1034 ("[E]motional distress damages in a successful employment discrimination case may be substantial.").

   17.   Similarly, Plaintiff also seeks punitive damages, claiming that Defendants' officers, shareholders, directors, and/or managing agents acted "with malice, oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to Plaintiff." (Complaint ¶¶ 45, 54, 63, 67, 71, 77, 86, 93, 98.) Punitive damages may be included in the amount in controversy when they are recoverable as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-46 (9th Cir. 2001) (finding the amount in controversy may include punitive damages when recoverable as a matter of law); *Simmons*, 209 F.Supp.2d at 1033. The FEHA, under which Plaintiff brings most of her claims, authorizes punitive damages. Cal. Gov't Code § 12940. If Plaintiff prevails on her claim for punitive damages, those damages alone could exceed $75,000. *See, e.g.*, *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (affirming $1,905,000 punitive damages award in FEHA disability discrimination and harassment case).

   18.   Finally, Plaintiff seeks attorneys' fees and costs. (Complaint, Prayer for Relief at p. 22.) Such fees and costs are properly included in the computation of the amount of controversy if the substantive law of the forum state allows the plaintiff to recover such fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir.

1998). Under the FEHA, attorneys' fees are generally recoverable as a matter of right by a prevailing plaintiff. Cal. Gov't Code § 12965(b). And, notably, the recoverable attorneys' fees include "a reasonable estimate of fees likely to be incurred to resolution" of the case. *Brady*, 243 F.Supp.2d at 1011; *see also Simmons*, 209 F.Supp.2d at 1034-35 ("[Attorneys'] fees necessarily accrue until the action is resolved. Thus, the Ninth Circuit must have anticipated that district courts would project fees beyond removal.") These cases recognize the amount of work involved in litigation, and FEHA discrimination cases in particular. *Brady*, 243 F.Supp.2d at 1011 ("It is a rare occurrence that a plaintiff succeeds in obtaining all he or she seeks simply by filing a complaint. In reality, resources, often substantial, will have to be devoted by the parties before the lawsuit is resolved."); *Simmons*, 209 F.Supp.2d at 1035 (litigating a discrimination claim "will undoubtedly require substantial effort from counsel" and noting that "in [the court's] twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages.")

19. Thus, taken together—the damages from lost wages, emotional distress, punitive damages, and attorneys' fees—Plaintiff seeks damages well in excess of the $75,000 threshold based on the face of the Complaint.

**IV.   THE OTHER REQUIREMENTS FOR REMOVAL ARE MET**

20. This Notice of Removal is being filed within one (1) year of the commencement of this action and therefore is timely filed under 28 U.S.C. § 1446(c).

21. Removal to this Court is proper as the Superior Court of the State of California, County of Orange, where this action was originally filed, is located within this district.

22. Defendants filed their Answer to Plaintiff's Complaint in Orange County Superior Court on September 29, 2021. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit I** to the Declaration of Michael S. Kalt.

23. A true and correct copy of all other process, pleadings, and orders served in this action at the time of this removal and known to Defendant are attached as

**Exhibit J** to the Declaration of Michael S. Kalt.  Pursuant to 28 U.S.C. § 1446(a), and to the best of Defendant's knowledge, **Exhibits A, B, I, and J** constitute all the process, pleadings, and orders served in this action at the time of this removal.

24. Counsel for Defendants certify that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Orange, and give notice to counsel for Plaintiff.

## V. CONCLUSION

25. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), and the State Action may be removed to this Court under 28 U.S.C. § 1441(b).

26. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' rights to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

Dated:    September 30, 2021        **WILSON TURNER KOSMO LLP**

By:    /s/Michael S. Kalt
        MICHAEL S. KALT
        JORDAN R. TURNER
        Attorneys for Defendants
        UNITEDHEALTH GROUP, INC., and
        OPTUM SERVICES, INC.