# EXHIBIT "A"

Case 8:21-cv-01608-JVS-ADS Document 1-2 Filed 09/30/21 Page 2 of 25 Page ID #:18
Electronically Filed by Superior Court of California, County of Orange, 08/27/2021 05:04:00 PM.
30-2021-01218365-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

# SUMMONS

## (CITACION JUDICIAL)

|  | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**

*(AVISO AL DEMANDADO):*

UNITEDHEALTH GROUP INCORPORATED, a Delaware corporation;

OPTUM SERVICES, INC., a Delaware corporation; and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SHARNETT BUSH, an individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>Central Justice Center<br>700 Civic Center Drive West, Santa Ana, CA 92701 | **CASE NUMBER:**<br>*(Número del Caso):*<br>30-2021-01218365-CU-WT-CJC<br><br>Judge Nancy E. Zeltzer |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:

*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Stephen W. Hogie     (Bar # 178095) Paul A. Campbell (Bar #289409)

Hogie & Campbell Lawyers, Inc.

13522 Newport Ave., Suite 201, Tustin, CA 92780

Phone No.: (714) 508-6422

| DATE:<br>*(Fecha)* 08/27/2021   DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* *Katie Trent* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*

*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

Katie Trent

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Optum Services, Inc., a Delaware corporation

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)

☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)

☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

Ex. A - Pg. 5

Electronically Filed by Superior Court of California, County of Orange, 08/27/2021 05:04:04 PM. **SUM-100**
30-2021-01218365-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

# SUMMONS
## (CITACION JUDICIAL)

*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITEDHEALTH GROUP INCORPORATED, a Delaware corporation;
OPTUM SERVICES, INC., a Delaware corporation; and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHARNETT BUSH, an individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 30-2021-01218365-CU-WT-CJC |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
Central Justice Center
700 Civic Center Drive West, Santa Ana, CA 92701

Judge Nancy E. Zeltzer

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen W. Hogie    (Bar # 178095) Paul A. Campbell (Bar #289409)
Hogie & Campbell Lawyers, Inc.
13522 Newport Ave., Suite 201, Tustin, CA 92780

Phone No.: (714) 508-6422

| DATE: *(Fecha)* 08/27/2021 DAVID H. YAMASAKI, Clerk of the Court | Clerk, by *(Secretario)* *Katie Trent* | , Deputy *(Adjunto)* |
|---|---|---|

Katie Trent

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: UnitedHealth Group Incorporated, a Delaware corporation

under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 9/3/2021

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

*LexisNexis® Automated California Judicial Council Forms*

Page 1 of 1

Date Served: 9/3/2021
Time Served: 1230
Server: DS 6084820

Ex. A - Pg. 6

Stephen W. Hogie, SBN 178095
hogie@firedme.com
Paul A. Campbell, SBN 289409
pac@firedme.com
HOGIE & CAMPBELL LAWYERS, INC.
13522 Newport Avenue, Suite 201
Tustin, CA 92780
Telephone: (714) 508-6422

Attorneys for Plaintiff Sharnett Bush

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ORANGE

Assigned for All Purposes
Judge Nancy E. Zeltzer

| | |
|---|---|
| SHARNETT BUSH, an individual | Case No.: 30-2021-01218365-CU-WT-CJC |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1) RACE DISCRIMINATION [*Gov't Code* §§12940(a)] |
| UNITEDHEALTH GROUP INCORPORATED, a Delaware corporation; OPTUM SERVICES, INC., a Delaware corporation; and DOES 1 - 50 | 2) DISABILITY DISCRIMINATION [*Gov't Code* §§12940(a) and 12926(j)]; |
| Defendants. | 3) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS [*Gov't Code* §12940(n)]; |
| | 4) FAILURE TO PROVIDE REASONABLE ACCOMMODATION [*Gov't Code* §12940(m)]; |
| | 5) FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION [*Gov't Code* §12940(k)]; |
| | 6) CALIFORNIA FAMILY RIGHTS ACT ("CFRA") VIOLATIONS [*Gov't Code* §§12945.2(a) and (t)] |
| | 7) RETALIATION [*Gov't Code* §§12940(h), 12945.2(l)]; AND |
| | 8) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |

-1-

COMPLAINT

Plaintiff alleges:

GENERAL ALLEGATIONS

1.      This Court is the proper court and this action is properly filed in the County of ORANGE and in this judicial district because Defendants do business in the County of ORANGE, in the city of Mission Viejo, where the incidents alleged occurred, where Plaintiff and Defendant entered into their employment contract, and because Defendants' obligations and liability arose there.

2.      Plaintiff, Sharnett Bush ("BUSH" or "PLAINTIFF") is a former employee of Defendants and is a resident and citizen of the State of California.

3.      PLAINTIFF is informed and believes, and alleges, that UNITEDHEALTH GROUP INCORPORATED is a Delaware corporation. PLAINTIFF is informed and believes, and alleges, that OPTUM SERVICES, INC. is a Delaware corporation.

4.      PLAINTIFF is a thirty-nine year old woman of Jamaican descent.

5.      PLAINTIFF Sharnett Bush brings this action against, UNITEDHEALTH GROUP INCORPORATED, a Delaware corporation, referred to as "UNITEDHEALTH"; OPTUM SERVICES, INC., a Delaware corporation, referred to as "OPTUM"; and DOES 1-50, collectively referred to as "DEFENDANTS," to recover among other things: interest, attorney's fees, penalties, costs, expenses, wages, monetary compensation for; disability discrimination; failure to enter an interactive process, failure to accommodate, failure to investigate, failure to take all reasonable steps to prevent discrimination, terminating PLAINTIFF due to her perceived or actual disability; CFRA violations; retaliation; punitive damages as to the FEHA causes of action due to oppression and malice as this is not the first occasion of such conduct due to illegal policies and procedures.

6.      At all relevant times alleged, DEFENDANTS employed PLAINTIFF.  In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to and in furtherance of a policy and practice of: discrimination in the workplace on the basis of PLAINTIFF'S perceived or actual disability, failure to enter an interactive process, failure to accommodate, failure to investigate, and failure to take all reasonable steps to prevent

-2-

COMPLAINT

1 | discrimination, CFRA violations, and retaliation for opposing discrimination.

2 | 7.      Bush started working for Optum Services on or about September 16, 2019. Bush worked

3 | as a supervisor with a salary of about $54,000. Bush's hiring manager was April Andrews

4 | ("Andrews") the regional director, and her supervisor was Laura Ramirez ("Ramirez"). Bush's

5 | harassers were Andrews, Ramirez, and Dana Donihue ("Donihue").

6 | 8.      Around October 2019, Bush started to realize that the employees she supervised resisted

7 | her instructions, however, she was unsure why that was. Bush decided to ask Ramirez what

8 | exactly her role was and what was expected of her. Bush stated that she wanted to understand the

9 | culture of the workplace since Bush felt resistance from her peers and Ramirez. Ramirez stated

10 | that she felt challenged by Bush and that Bush was simply on a trial period. Bush was confused

11 | and shocked by Ramirez's response and felt that it was unprofessional and did not even address

12 | her questions. Ramirez then stated that she did not know how to respond to Bush's questions

13 | because there were no expectations of Bush. Bush did not understand how there could be no

14 | expectations or duties. Bush wondered how she was supposed to know what to do if even her

15 | own boss did not know.

16 | 9.      On or around November 5, 2019, Bush called Andrews and expressed her concerns with

17 | her. Previously, during her interview, Andrews told Bush to call at any time to share any

18 | concerns with her. Bush also recalled when Andrews stated that she would be trained at another

19 | office since UnitedHealth did not believe in subordinates training their supervisors. Andrews

20 | agreed with Bush that Ramirez needed to communicate with Bush first. Supervisors and

21 | managing agents were all provided training, except Bush. Bush requested that she receive

22 | training but Ramirez continued to deny her that. Bush had her subordinates delegate work back

23 | to her when it was supposed to be the other way around. Bush did not understand why she was

24 | the supervisor, yet never received the same authority and respect as the other supervisors.

25 | 10.     On or around November 20, 2019, Bush continued to feel resistance from her peers who

26 | disregarded her role and instructions. Ramirez promised Bush a meeting to discuss the lack of

27 | respect, resistance, and the uncomfortable work environment Bush had experienced. On or

28 | around November 21, 2019, Bush finally received an email from Ramirez that included a list of

-3-

COMPLAINT

Bush's job responsibilities, and the training that was to be provided. Bush was relieved that she finally received an answer after numerous inquiries. It was around that time Bush noticed that she was looked down upon by her peers because she chose not to engage in the office gossip and unprofessional behavior. Unfortunately, the resistance from her peers intensified, and Ramirez was of no help despite her multiple promises to help.

11.     On or around November 26, 2019, Bush emailed Andrews that she did not feel genuinely supported by Ramirez. The following day, Andrews and Ramirez held an unexpected meeting for Bush and stated contradictory claims. Andrews stated that the training Bush believed she was to receive was not going to happen because the workplace was constantly changing. Andrews stated that she wanted Bush to give it time, so Bush agreed. Unfortunately, Bush's peers continued to argue with her and not follow her instructions, however, they privately communicated with Ramirez. At one point, Ramirez was out of the office for the day and the front office manager, Marie Fesili, witnessed the treatment Bush endured and personally apologized to her for their inappropriate, unprofessional, and disrespectful treatment towards her. Bush hoped this incident would incentivize Ramirez to actually help her as she and Andrews had promised on multiple occasions to resolve those issues. Bush started to feel the negative effect of working in a hostile work environment.

12.     On or around December 27, 2019, Bush experienced another hostile employee encounter. Bush was spoken to aggressively and she was spoken down to by a subordinate. Bush did not know what to do since the subordinates did not comply with her instructions. Bush believed that Ramirez secretly communicated with the other employees. Bush did not understand why Ramirez portrayed herself one way in her emails, then contradicted herself with her actions. Bush was told on different occasions, by her peers, that they will not listen to her, they refused to answer her questions, and they treated her different than everyone else. That hostile work environment Bush endured started to impact her health a great deal.

13.     On or around January 17, 2020, Bush was treated poorly, yet again, by her peers. Bush talked with Ramirez and questioned what UnitedHealth's policies were. Ramirez told Bush that she could not teach her how to build a relationship with her coworkers. Bush was shocked that

1  she was not willing to help alleviate the hostile work environment. Bush then bravely stated that

2  the treatment she endured did not make sense and she felt that she was being discriminated

3  against because of her race.

4  14.   On or around January 23, 2020, Bush mentioned that she believed she was being

5  discriminated against on the basis of her race. Ramirez and Donihue ignored Bush's complaint

6  and acted like it was not a problem. Later on, Bush continued to endure her hostile treatment and

7  continued to feel discriminated against. Bush was being targeted and blamed for other

8  employees' mistakes. Bush started to feel extremely ill on the job from the stress and anxiety she

9  endured because of the hostile work environment and continued discrimination. Bush asked

10 Ramirez if she was allowed to be excused from work because she felt as if she was going to

11 faint.

12 15.   On or around January 27, 2020, Bush went on a short-term disability leave for extreme

13 stress and was diagnosed with chronic migraines. Bush returned from leave on or about February

14 10, 2020. After Bush requested disability leave, she was retaliated against and was even told by

15 Ramirez that she did not think she could even do her job because she was "sick."

16 16.   On or around February 14, 2020, Bush was called into a meeting with Ramirez and

17 Andrews. In that meeting, Bush was reprimanded and retaliated against. Ramirez and Andrews

18 stated that Bush did not give her employees breaks or proper lunches. Bush was shocked at the

19 false accusations. Bush informed them both that she tried to establish a schedule multiple times

20 but Ramirez never supported her nor did any of the employees comply. Bush knew that Andrews

21 and Ramirez stated these false accusations in retaliation to her complaints. Bush felt as if she was

22 being retaliated against because of her discrimination complaint and her previous disability

23 leave.

24 17.   On or around February 17, 2020, after Bush had made multiple complaints to Andrews,

25 she asked to speak with her separately because she felt that Ramirez was a part of the problem.

26 Bush requested that another manager be present when she spoke with Andrews. Kris Linden

27 ("Linden"), the other manager, was present when Bush initiated a meeting with Andrews.

28 Halfway through their meeting, Andrews seemed to grow irritated and burst out in rage that Bush

1   kept repeating the same items. Bush asked how she could move forward with managers and

2   employees who fabricated the truth. Bush asked for help from Linden, since Ramirez and

3   Andrews continued to be of no help. Ramirez continued to exclude Bush from her

4   communication and instructions with the staff. When circumstances arose, the staff explained

5   that Ramirez instructed them, which negatively contradicted Bush's instructions. Employees

6   approached Bush in an aggressive, inappropriate, and unprofessional demeanor. Bush got into

7   trouble because emails were not sent to her, information was transferred without her knowledge,

8   and communication was absent.

9   18.     On or around March 16, 2020, Donihue reprimanded Bush in front of the office staff in

10  an aggressive demeanor. During that time, the COVID-19 lockdown started. During the

11  lockdown, Bush notified Ramirez that her son's day care was closed and that he was placed on a

12  high-risk list for COVID-19. Andrews and Ramirez started to harass Bush by leaving her

13  voicemails and stated that she needed to return to the office despite her son being at high-risk.

14  Bush was ordered by Andrews and Ramirez of a requirement to go into work during quarantine.

15  Bush was conflicted because of her son's health issues, her own personal health concerns, and

16  her son's daycare being closed. Ramirez and Andrews aggressively told Bush that she needed to

17  go into work and change the codes or else they would do it for her. Bush had the codes approved

18  by UnitedHealth three times, yet Andrews changed it three times to block Bush from getting

19  paid.

20  19.     On or about March 24, 2020, Bush requested to work from home given her health

21  conditions, COVID-19, and that her son was at high-risk. On or around March 31, 2020, Bush

22  was informed by Monica Dean ("Dean"), from human resources, that she was approved to work

23  from home and would be paid back for the three weeks of confusion. The workload that Ramirez

24  and Andrews assigned to Bush increased immensely. Bush informed Ramirez that it was too

25  much work and she needed help to be able to complete the deadlines. Bush believed that Optum

26  Services tried to give her more work than she was supposed to have to deem her unfit for her

27  position.

28  / / /

COMPLAINT

20.      On or around April 15, 2020, Ramirez presented Donihue with false documentation which stated that Bush was reprimanded for unprofessionalism on multiple occasions. Bush spoke out and stated that that never occurred, and she was unaware of any of it. From that meeting, Bush realized the harassment, hostile work environment, and discrimination she endured severely impacted her health and led to her going on a second disability leave. Bush's second disability leave started on April 16, 2020 and ended on July 7, 2020. When Bush returned to work on July 7, 2020, she immediately noticed a change in Ramirez's behavior and communication. Bush thanked her for communicating more professional and appropriately. Bush was relieved because she believed that after all the times she asked for help, she finally received it. Around September 2020, Bush unfortunately continued to have health problems.

21.      On or around September 15, 2020, Bush was instructed by Ramirez to contact human resources directly with her high-risk status. Human resources then placed Bush on a no return-to-work high-risk status. In the interim, Bush underwent surgeries for her health and recovered while she still worked. Due to the high stress and anxiety from her hostile work environment, Bush had health issues that she had never experienced before. She had multiple surgeries throughout the pandemic and was diagnosed with chronic migraines and headaches by a neurologist who stated she was at a high risk for a stroke as her headaches worsened. Bush experienced thyroid nodules developing along with GI issue surgeries, a stomach hernia, and even abnormal bleeding with surgery for endometriosis that was performed. Bush believes that the stress associated with the discrimination worsened these conditions.

22.      On or around December 8, 2020, Bush was informed that the work she did was very helpful, and Ramirez hoped her health was getting better. Then, Bush was scheduled for a meeting with Nathan Dyska ("Dyska"), from operations management. Dyska stated that Bush had two weeks to make a decision to return to the office to supervise and no longer work from home. Bush knew that she was considered high-risk and could not afford to jeopardize her health by being in the office. Dyska offered two other options for Bush: 1. Find another job within the company within thirty days or; 2. Quit. Bush was shocked that her request for accommodation of her disability was being treated so carelessly.

-7-

COMPLAINT

23.     On or around December 12, 2020, Bush's physician filled out a UnitedHealth Group form for medical accommodations. She then received an email that denied her accommodation. Bush was asked if she would return in office by January 4, 2021.

24.     On or around January 4, 2021, Bush continued to work from home because she was high-risk and needed to try and figure out a daycare situation for her son. Bush then received a demand letter that stated she needed to return to work by January 25, 2021. Bush was confused why her accommodation was denied when she had worked from home and even was informed she was helpful multiple times. Bush was also told that she needed to contact Sedgwick by the end of business day on January 22, 2021 or they would conclude that she voluntarily resigned.

25.     On or around January 19, 2021, Bush received an email from Ramirez that stated she could no longer utilize the health and safety code but had to use paid time off. Bush then requested paid time off from January 25, 2021 to February 1, 2021. Bush was shocked at Optum Services unprofessionalism and discrimination against her on the basis of her disability.

26.     On or around January 20, 2021 Bush responded to their demand letter from the 15th that she did not want to resign and wanted to continue to work. Bush requested more time to transition safely due to her being high-risk. Ramirez emailed Bush and asked for her to return to the office the 1st of February 2021. Bush knew her health would have been compromised if she went back so she pleaded to work from home. Bush then utilized the last of her paid time off through the February 17, 2021, however, she was expected to return February 18, 2021. Bush informed Ramirez that her physician's accommodation request for her medical conditions was denied but she was still at high-risk.

27.     On or around February 19, 2021, Bush emailed a doctor's note attached with a message that requested an accommodation to work from home for her disability or to extend her leave. Ramirez replied with the same response, that her accommodation was denied, and she had to return by February 22, 2021 or it was considered a voluntary resignation. Bush knew she could not work at her office as it would be dangerous to her health. Bush received an email from Ramirez on February 22, 2021, that she did not return to work and they took it as a voluntary resignation. Bush responds the following day and stated that it was not a voluntary resignation

-8-

COMPLAINT

from her position as she intended to work remotely but they refused that option. Bush noted that that previous Friday she asked for an accommodation and then they had fired her. Bush stated that she did not think that that was right.

28.     PLAINTIFF was terminated on February 22, 2021, without any interactive process, attempt at reasonable accommodation and despite her entitlement to CFRA protected leave.

29.     Defendant UNITEDHEALTH at all times alleged, employed over 50 employees.

30.     PLAINTIFF is informed, believes, and alleges that the UNITEDHEALTH had full knowledge of the situation yet failed to investigate or remedy the; discrimination, harassment and retaliation, or take immediate corrective action, after PLAINTIFF requested accommodation.

31.     PLAINTIFF is informed and believes, and alleges, that each and all of the acts and omissions alleged were performed by, and/or attributable to, the DEFENDANTS named in each cause of action, each acting as agents and/or employees, and or under the direction and control of each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. PLAINTIFF is informed and believes, and alleges, that at all times material hereto DEFENDANTS were and are the agents of each other.

32.     PLAINTIFF is informed and believes, and alleges that DEFENDANTS are PLAINTIFF'S joint employers by virtue of joint enterprise.  PLAINTIFF performed services for each and every Defendant, and to the mutual benefit of all DEFENDANTS, and all DEFENDANTS share control of PLAINTIFF as employee, either directly or indirectly, and the manner in which DEFENDANTS' business is conducted.

33.     PLAINTIFF is informed and believes, and alleges that there exists such a unity of interest and ownership between UNITEDHEALTH, and DOES 1 through 50, and that the individuality and separateness of DEFENDANTS has ceased to exist resulting in employer liability.

34.     PLAINTIFF is informed and believes, and alleges (unless otherwise alleged in this Complaint), that at all relevant times herein, all DEFENDANTS were the agents, employees and/or servants, masters or employers of the remaining DEFENDANTS, and in doing the things

///

-9-

COMPLAINT

1    hereinafter alleged, were acting within the course and scope of such agency or employment, and

2    with the approval and ratification of each of the other DEFENDANTS.

3    35.     PLAINTIFF is informed and believes, and alleges, that DOES 1 - 50 are the partners,

4    owners, shareholders, or managers of Defendant UNITEDHEALTH and were acting on behalf of

5    UNITEDHEALTH or as a joint employer in the payment of wages to PLAINTIFF.

6    36.     The true names and capacities, whether individual, corporate, associate, member, or

7    otherwise, of DOES 1 through 50 are unknown to PLAINTIFF, who therefore sues the DOE

8    DEFENDANTS by fictitious names.  PLAINTIFF will amend this complaint to show their true

9    names and capacities when they have been ascertained.

10                    PROCEDURAL BACKGROUND

11         EXHAUSTION OF ADMINISTRATIVE REMEDIES

12    37.     On or about August 19, 2021, PLAINTIFF filed a complaint with the Department of Fair

13    Employment and Housing ("DFEH") alleging discrimination, harassment, and retaliation.  On or

14    about August 19, 2021, the DFEH issued PLAINTIFF a right-to -sue notification, thereby

15    exhausting administrative remedies.

16                     FIRST CAUSE OF ACTION

17    RACE/NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE FAIR

18       EMPLOYMENT AND HOUSING ACT GOVT. CODE SECTION 12940(a)

19    38.     Plaintiff hereby realleges and incorporates by reference, as though fully set forth herein,

20    the allegations contained in paragraphs 1 through 37.  This cause of action is brought against

21    DEFENDANTS UNITEDHEALTH, OPTUM, and DOES 1-50.

22    39.     The actions of Defendants, as described in this Complaint, explicitly the unlawful acts

23    described in this complaint, constitute unlawful discrimination on the basis of the Plaintiff's

24    race/national origin.

25    40.     The race/national origin discrimination by Defendants created a hostile, intimidating, and

26    oppressive work environment for Plaintiff, whereby the conditions of Plaintiff's employment

27    were adversely altered.  Moreover, the harassment/discrimination impeded Plaintiff's progress

28

-10-

COMPLAINT

1  and the enjoyment of Plaintiff's employment with the DEFENDANTS. The discriminatory work

2  environment existed on a continuing and ongoing basis up to Plaintiff's termination.

3  41.   Defendants knew of the discriminatory work environment and conduct against Plaintiff

4  but did nothing to prevent or stop the harassment and discrimination.

5  42.   Defendants' race/national origin discrimination as described in this Complaint violates

6  the Fair Employment and Housing Act as promulgated in Government Code Section 12940 et.

7  seq. and other state statutes which prohibit discrimination in employment, including the

8  California Constitution.

9  43.   As direct and proximate result of Defendant's discrimination, Plaintiff has sustained and

10  will continue to suffer damages in an amount within the jurisdiction of this court, the exact

11  amount to be proven at trial. Such damages include:

12        a.  loss of salary and other valuable employment benefits;

13        a.  prejudgment interest and interest in the sum of damages at the legal rate; and

14        b.  other consequential damages, including damages for shame, humiliation, mental

15            anguish and emotional distress in the amount of at least $500,000.00 caused by

16            conduct of Defendants.

17  44.   In addition, Plaintiff is entitled to her attorney's fees in prosecution of this lawsuit,

18  pursuant to Government Code Section 12965 (b).

19  45.   Because the discriminatory acts against Plaintiff were carried out, authorized or ratified

20  by Defendants' directors, officers and/or managing agents, acting with malice, oppression or

21  fraud, or deliberate, willful and conscious disregard of the probability of causing injury to

22  Plaintiff, as reflected by actions described earlier in this Complaint, Plaintiff seeks punitive

23  damages against Defendants, in order to deter them from such and similar conduct in the future.

24  Defendants' willful violation of FEHA is a violation of a fundamental public policy against

25  discrimination and is therefore subject to punitive damages.

26  / / /

27  / / /

28  / / /

-11-

COMMPLAINT

SECOND CAUSE OF ACTION

PHYSICAL DISABILITY DISCRIMINATION IN VIOLATION OF

THE FAIR EMPLOYMENT AND HOUSING ACT (FEHA)

AND GOVERNMENT CODE SECTIONS 12940 et seq. and 12926(j).

46.     PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 45.  This cause of action is brought against DEFENDANTS UNITEDHEALTH, OPTUM, and DOES 1-50.

47.     Pursuant to the Fair Employment and Housing Act, and Government Code Section 12940(a) it is unlawful "For an employer, because of the … physical disability… of any person… *to discriminate against the person in compensation or in terms, conditions, or privileges of employment.*" Government Code Sections 12926(j) and 12926.1(b) further state that it is unlawful to discriminate against an employee because of an actual or perceived disability.

48.     PLAINTIFF is informed and believes that DEFENDANTS discriminated against her on the basis of a perceived or actual disability (waist, back and right foot) by taking adverse employment actions against her for asserting her legal right to request accommodation; by denying PLAINTIFF an interactive process; and terminating her employment.

49.     PLAINTIFF alleges that during her employment with DEFENDANTS, she and her doctor notified Defendant of her disability. PLAINTIFF'S disability affected her ability to work, a major life function. The limitations occurred because of the emotional effects of perceived or actual race discrimination and resulted in the need for accommodation.  DEFENDANTS terminated PLAINTIFF either because she was disabled or perceived as disabled by supervisors, officers, shareholders, and/or managing agents, despite her ability to work, and right to preferential placement given her disability.

50.     DEFENDANT'S disability discrimination as described in this Complaint violates the Fair Employment and Housing Act ("FEHA") as promulgated in Government Code Section 12940 et. seq. and other state statutes, including the California Constitution which prohibit discrimination in employment.

/ / /

-12-

COMPLAINT

51.     DEFENDANTS knew of the discriminatory work environment and conduct against PLAINTIFF but did nothing to prevent, stop, or remedy the harassment and discrimination.

52.     As a direct and proximate result of DEFENDANT'S discrimination, PLAINTIFF has sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

        a.   loss of salary and other valuable employment benefits;

        b.   prejudgment interest and interest in the sum of damages at the legal rate; and

        c.   other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress in the amount of at least $500,000.00 caused by conduct of DEFENDANTS.

53.     In addition, PLAINTIFF is entitled to attorney's fees in prosecution of this lawsuit, pursuant to Government Code Section 12965 (b).

54.     Because the discriminatory acts against PLAINTIFF were carried out, authorized or ratified by DEFENDANTS' directors, shareholders, officers and/or managing agents, acting with malice, oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing injury to PLAINTIFF, as reflected by actions described earlier in this Complaint, PLAINTIFF seeks punitive damages against DEFENDANTS, in order to deter them from such and similar conduct in the future.  DEFENDANTS' willful violation of FEHA is a violation of a fundamental public policy against discrimination and is therefore subject to punitive damages.

THIRD CAUSE OF ACTION

FAILURE TO ENTER AN INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT, GOVERNMENT CODE §12940 (n)

55.     PLAINTIFF hereby alleges and incorporates by reference, as though fully set forth here, the allegations contained in paragraphs 1 through 54.  This cause of action is brought against DEFENDANTS UNITEDHEALTH, OPTUM, and DOES 1-50.

56.     The actions of DEFENDANTS, as described in this Complaint, constitute failure to enter an interactive process. DEFENDANTS were an employer as defined and covered by FEHA

/ / /

-13-

COMPLAINT

1   employing more than five employees.  At all times alleged, PLAINTIFF was an employee of

2   DEFENDANTS, otherwise qualified to perform the duties to which she  was assigned.

3   57.   The disability discrimination by DEFENDANTS denied PLAINTIFF the opportunity to

4   work in an environment without discriminatory treatment on the basis of her disability.

5   DEFENDANTS had knowledge of PLAINTIFF'S disability and need for reasonable

6   accommodations. Despite knowledge that a request to enter an interactive process existed

7   DEFENDANTS refused to enter an interactive process.  PLAINTIFF'S conditions of

8   employment were adversely altered, despite the reasonableness and simplicity of

9   accommodations, resulting in termination.  Moreover, the discrimination impeded PLAINTIFF'S

10   progress and the enjoyment of her employment with UNITEDHEALTH.  The discriminatory

11   work environment existed on a continuing and ongoing basis from the moment PLAINTIFF

12   requested an interactive process.  DEFENDANTS did not engage in an interactive process and

13   violated Government Code §12940(n).  DEFENDANTS were determined to terminate

14   PLAINTIFF for requesting various reasonable accommodations.

15   58.   DEFENDANTS knew or should have known of the discriminatory work environment

16   and conduct against PLAINTIFF because of previous instances of similar discrimination by the

17   same managing agents, yet DEFENDANTS did nothing to prevent, stop, or correct the ongoing

18   discrimination.

19   59.   DEFENDANTS' failure to enter an interactive process as described in this Complaint

20   violates the Fair Employment and Housing Act as promulgated in Government Code Section

21   12940 et. seq. and other state statutes which prohibit discrimination and harassment in

22   employment, including the California Constitution.

23   60.   PLAINTIFF has exhausted her administrative remedies by timely filing charges for

24   failure to enter an interactive process with the Department of Fair Employment and Housing who

25   have issued PLAINTIFF a right to sue letter permitting her to file this lawsuit against

26   DEFENDANTS.

27   ///

28   ///

-14-

COMPLAINT

61.     As a direct and proximate result of DEFENDANT'S failure to enter an interactive process, PLAINTIFF has sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

      a.   loss of salary and other valuable employment benefits;

      b.   prejudgment interest and interest in the sum of damages at the legal rate; and

      c.   other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress in the amount of at least $500,000.00 caused by conduct of DEFENDANTS

62.     In addition, PLAINTIFF is entitled to attorney's fees in prosecution of this lawsuit, pursuant to Government Code Section 12965 (b).

63.     Because the wrongful acts against PLAINTIFF were carried out, authorized or ratified by DEFENDANTS' directors, shareholders, officers and/or managing agents, acting with malice, oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing injury to PLAINTIFF, as reflected by actions described earlier in this Complaint, PLAINTIFF seeks punitive damages against DEFENDANTS, in order to deter them from such and similar conduct in the future. DEFENDANTS' willful violation of FEHA is a violation of a fundamental public policy against discrimination and is therefore subject to punitive damages.

FOURTH CAUSE OF ACTION

FAILURE TO ACCOMMODATE IN VIOLATION OF THE

FAIR EMPLOYMENT AND HOUSING ACT, GOVERNMENT CODE §12940(m)

64.     PLAINTIFF hereby alleges and incorporates by reference, as though fully set forth here, the allegations contained in paragraphs 1 through 63.  This cause of action is brought against DEFENDANTS UNITEDHEALTH, OPTUM, and DOES 1-50.

65.     The actions of DEFENDANTS, as described in this Complaint, constitute failure to provide reasonable accommodation due to PLAINTIFF'S termination of employment. DEFENDANTS were an employer as defined and covered by FEHA employing more than five employees.  At all times alleged, PLAINTIFF was an employee of DEFENDANTS, otherwise qualified to perform the duties to which she was assigned.

-15-

COMPLAINT

66.     The disability discrimination by DEFENDANTS denied PLAINTIFF accommodation, whereby the conditions of her employment were adversely altered.  Moreover, the discrimination impeded PLAINTIFF'S progress and the enjoyment of her employment with UNITEDHEALTH. The discriminatory work environment existed on a continuing and ongoing basis from the moment PLAINTIFF'S accommodations were maliciously or oppressively refused. DEFENDANTS did not engage in an interactive process and violated Government Code §12940(n) and therefore failed to provide reasonable accommodation.

67.     DEFENDANTS knew or should have known of the discriminatory work environment and conduct against PLAINTIFF because the same managing agents responsible for terminating PLAINTIFF'S employment, have engaged in similar conduct against other employees for the purpose of oppression or malice, and conscious disregard of recognized state laws despite the probability of causing injury to employees.

68.     DEFENDANTS' failure to provide reasonable accommodation as described in this Complaint violates the Fair Employment and Housing Act as promulgated in Government Code Section 12940 et. seq. and other state statutes which prohibit discrimination and harassment in employment, including the California Constitution.

69.     As a direct and proximate result of DEFENDANT'S failure to enter an interactive process, PLAINTIFF has sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

       a.  loss of salary and other valuable employment benefits;

       b.  prejudgment interest and interest in the sum of damages at the legal rate; and

       c.  other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress in the amount of at least $500,000.00 caused by conduct of DEFENDANTS

70.     In addition, PLAINTIFF is entitled to attorney's fees in prosecution of this lawsuit, pursuant to Government Code Section 12965 (b).

71.     Because the wrongful acts against PLAINTIFF were carried out, authorized or ratified by DEFENDANTS' directors, shareholders, officers and/or managing agents, acting with malice,

-16-

COMPLAINT

1   oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing

2   injury to PLAINTIFF, as reflected by actions described earlier in this Complaint, PLAINTIFF

3   seeks punitive damages against DEFENDANTS, in order to deter them from such and similar

4   conduct in the future. DEFENDANTS' willful violation of FEHA is a violation of a fundamental

5   public policy against discrimination and is therefore subject to punitive damages.

FIFTH CAUSE OF ACTION

FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION IN

VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

GOVERNMENT CODE §12940(k)

10   72.    PLAINTIFF hereby alleges and incorporates by reference, as though fully set forth here,

11   the allegations contained in paragraphs 1 through 71.  This cause of action is brought against

12   DEFENDANTS UNITEDHEALTH, OPTUM, and DOES 1-50.

13   73.    DEFENDANTS are employers in the State of California, as defined in the California Fair

14   Employment and Housing Act ("FEHA"). Laura Ramirez, April Andrews, and Dana Donihue,

15   was a managing agent, officer, and/or supervisor at UNITEDHEALTH at the time PLAINTIFF

16   complained to them regarding disability discrimination.

17   74.    DEFENDANTS failed to take all reasonable steps to prevent discrimination and

18   retaliation before and/or after PLAINTIFF gave notice of discrimination retaliation.  This failure

19   is in violation of the California Fair Employment and Housing Act.

20   75.    As a direct and proximate result of DEFENDANTS' failure to take all reasonable steps to

21   prevent discrimination retaliation as described in this complaint, PLAINTIFF has sustained and

22   will suffer damages in an amount within the jurisdiction of this court, the exact amount to be

23   proven at trial. Such damages include:

24        a.   loss of salary and other valuable employment benefits;

25        b.   prejudgment interest and interest on the sum of damages at the legal rate; and

26        c.   other consequential damages, including damages for shame, humiliation, mental

27   anguish and emotional distress in the amount of at least $500,000.00 caused by the conduct of

28   DEFENDANTS.

-17-

COMPLAINT

76.     In addition, PLAINTIFF is entitled to attorney's fees in prosecution of this lawsuit, pursuant to Government Code Section 12965 (b).

77.     Further, because the failure to take all reasonable steps to prevent discrimination, and harassment, and/or retaliation, was an omission committed by DEFENDANTS, including officers, shareholders, directors and/or managing agents of the company, who acted with malice, oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to PLAINTIFF by failing to act, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct and allowing such conduct in the future. DEFENDANTS' violation of FEHA is a violation of a fundamental public policy against discrimination and is therefore subject to punitive damages.

SIXTH CAUSE OF ACTION

VIOLATIONS OF CALIFORNIA FAMILY RIGHTS ACT (CFRA) UNDER

FAIR EMPLOYMENT HOUSING ACT (FEHA) Gov't Code §§12945.2(a) and (t)

78.     PLAINTIFF hereby alleges and incorporates by reference, as though fully set forth here, the allegations contained in paragraphs 1 through 74.  This cause of action is brought against DEFENDANTS UNITEDHEALTH, OPTUM, and DOES 1-50.

79.     PLAINTIFF is informed and believes, and alleges that DEFENDANTS wrongfully terminated her employment in violation of California Family Rights Act "CFRA" guidelines.

80.     PLAINTIFF is informed and believes, and alleges that Defendant UNITEDHEALTH is a California Corporation and is a covered employer with a work force that exceeds 50 people.

81.     PLAINTIFF was employed by DEFENDANTS for at least one-year prior to the time she attempted to take leave and worked at least 1,250 hours during the 12-month period.  2 CCR §7297.0(e).

82.     PLAINTIFF'S leave of January 27, 2020, was requested in connection with her own serious health condition, which required the continual supervision of a physician.

83.     Despite DEFENDANT'S knowledge of PLAINTIFF'S medical condition, on or about February 22, 2021, DEFENDANTS terminated PLAINTIFF as she had exercised her legal right to medical leave or because she had demonstrated an intent to exercise that right when she

-18-

COMPLAINT

requested accommodation in the form of working from home or required intermittent leave, and terminated PLAINTIFF'S employment. This resulted in the discontinuation various benefits of employment, all of this in violation of CFRA because it was an illegal interference, restraint, or denial of the exercise of rights under CFRA.

84.     Based on the foregoing, DEFENDANTS' intentionally violated her legal rights as provided by CFRA because it is unlawful for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under CFRA.

85.     As a result of DEFENDANTS' actions, PLAINTIFF has suffered and continues to suffer general, consequential and special damages including but not limited to losses in earnings, back pay, reinstatement and other employment benefits, as well as emotional distress, medical expenses, punitive damages and attorney's fees, all to her damage in an amount of no less than $500,000.00 according to proof but in excess of the jurisdiction of this Court.

86.     Further, because these acts committed by DEFENDANTS, including officers, directors and/or managing agents of the company, who acted with malice, oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to PLAINTIFF, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct and allowing such conduct in the future. DEFENDANTS' violation of CFRA/FEHA is a violation of a fundamental public policy against discrimination and is therefore subject to punitive damages.

SEVENTH CAUSE OF ACTION

RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT ("FEHA") GOV'T CODE§ 12940(h); 12945.2(l).

87.     PLAINTIFF hereby alleges and incorporates by reference, as though fully set forth here, the allegations contained in paragraphs 1 through 83.  This cause of action is brought against DEFENDANTS UNITEDHEALTH, and DOES 1-50.

88.     DEFENDANTS are employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA"). Ramirez and Donihue, was a managing agent, officer, and/or supervisor at UNITEDHEALTH at the time PLAINTIFF complained to them regarding

-19-

COMPLAINT

disability discrimination and/or when PLAINTIFF exercised her right to family care and medical leave.

89.    DEFENDANTS retaliated against PLAINTIFF because PLAINTIFF'S assertion of her legal right to oppose what she believed was disability discrimination and/or for requesting accommodation and/or when PLAINTIFF exercised her right to family care and medical leave. This retaliation is in violation of the California Fair Employment and Housing Act.

90.    DEFENDANTS retaliated against PLAINTIFF by terminating her employment.

91.    As a direct and proximate result of DEFENDANTS' retaliation as described in this Complaint, PLAINTIFF has sustained and will suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

    a.  loss of salary and other valuable employment benefits;

    b.  prejudgment interest and interest on the sum of damages at the legal rate; and

    c.  other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress in the amount of at least $500,000.00 caused by the conduct of DEFENDANTS.

92.    In addition, PLAINTIFF is entitled to attorney's fees in prosecution of this lawsuit, pursuant to Government Code Section 12965 (b).

93.    Further, because the retaliatory acts were committed by DEFENDANTS, including officers, shareholders, directors and/or managing agents of the company, who acted with malice, oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to PLAINTIFF, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct and allowing such conduct in the future. DEFENDANTS' violation of FEHA is a violation of a fundamental public policy against discrimination and is therefore subject to punitive damages.

/ / /

/ / /

/ / /

/ / /

## EIGHTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

94.     PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth here, the allegations contained in paragraphs 1 through 93.  This cause of action is brought against DEFENDANTS UNITEDHEALTH and DOES 1-50.

95.     DEFENDANTS terminated PLAINTIFF on the basis of her perceived or actual disability, requesting accommodation and/or for reporting and opposing disability discrimination against herself.

96.     DEFENDANTS' termination of PLAINTIFF'S employment violates the Fair Employment and Housing Act as set forth in Government Code §12940 et seq. which mandates that employees be free from harassment and discrimination based on a perceived or actual disability in the workplace.

97.     As a direct and proximate result of DEFENDANTS' unlawful conduct as described in this Complaint, PLAINTIFF has sustained and will suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

       a.  loss of salary and other valuable employment benefits;

       b.  prejudgment interest and interest on the sum of damages at the legal rate; and

       c.  other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress in the amount of at least $500,000.00 caused by the conduct of DEFENDANTS.

98.     Further, because the harassing and discriminatory acts were committed by DEFENDANTS, including officers, shareholders, directors and/or managing agents of the company, who acted with malice, oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to PLAINTIFF, seeks punitive damages against DEFENDANTS in order to deter them from such conduct in the future. DEFENDANTS' violation of FEHA is a violation of a fundamental public policy against discrimination and is therefore subject to punitive damages.

/ / /

**WHEREFORE** PLAINTIFF prays for judgment against DEFENDANTS as follows:

AS TO ALL CAUSES OF ACTION:

1.      For all actual, consequential and incidental financial losses, including but not limited to loss of earnings and employment benefits, together with prejudgment interest, according to proof;

2.      For all compensatory and general damages in an amount according to proof;

3.      For all unpaid wages and penalties;

4.      For reasonable attorneys fees according to statute;

5.      For punitive damages;

6.      For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

7.      For a finding that "UNITEDHEALTH" is, and was a shell or conduit for the personal and business affairs of DOES 1 – 50, and is, and was the alter egos of DOES 1 – 50.  The corporate existence of UNITEDHEALTH and DOES 1 – 50 shall be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to PLAINTIFF.

8.      For costs of suit incurred herein; and

9.      For such other and further relief as the court may deem appropriate.

DATED:  August 27, 2021                         HOGIE & CAMPBELL LAWYERS, INC.

By:     _____
        Stephen W. Hogie
        Paul A. Campbell
        Attorneys for Sharnett Bush, Plaintiff

-22-

COMPLAINT